**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUETTS**

                    Civil Action: 1:10-CV-11746-MLW

BRADFORD GLEN, Inc.
     Plaintiff

v.

SUNRISE DEVELOPMENT, INC.
     Defendant

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Now comes Bradford Glen, Inc. ("Bradford") in answer to the counterclaim of Sunrise Development, Inc. ("Sunrise") as follows:

**PARTIES**

1. Bradford admits the allegations contained in paragraph 1 of the Counterclaim.

2. Bradford admits the allegations contained in paragraph 2 of the Counterclaim.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Counterclaim is a legal conclusion, and therefore does not require a response. However, Bradford admits the allegations contained in paragraph 3 of the Counterclaim.

4. Paragraph 4 of the Counterclaim is a legal conclusion, and therefore does not require a response. However, Bradford admits the allegations contained in paragraph 4 of the Counterclaim.

5.	Paragraph 5 of the Counterclaim is a legal conclusion, and therefore does not require a response. However, Bradford admits the allegations contained in paragraph 5 of the Counterclaim.

## FACTS

6.	With regard to paragraph 6 of the Counterclaim, Bradford admits that Bradford and Sunrise entered into a Purchase and Sale Agreement in March 2007 for property located at Andover Road, in Cider Mill Way in Billerica, Massachusetts and that a copy of the Purchase and Sale Agreement is attached to the Counterclaim; however, Bradford denies the remaining allegations contained in paragraph 6 of the Counterclaim. Bradford further alleges that the Purchase and Sale Agreement is the best evidence of what is contained within it.

7.	Bradford admits the allegations contained in paragraph 7 of the Counterclaim.

8.	Bradford admits the allegations contained in paragraph 8 of the Counterclaim.

9.	Bradford admits the allegations contained in paragraph 9 of the Counterclaim.

10.	With regard to paragraph 10 of the Counterclaim, Bradford admits that Bradford executed a mortgage in favor of Sunrise to evidence a prepayment deposit in the amount of 3.8 million dollars. However, Bradford denies the remaining allegations contained in paragraph 10 of the Counterclaim. Bradford further alleges that the First Amendment to the Purchase and Sale Agreement is the best evidence of what is contained within it.

11. With regard to paragraph 11 of the Counterclaim, Bradford admits Bradford executed a Mortgage in favor of Sunrise in the amount of 3.8 million dollars, that a copy of the Mortgage is attached to the Counterclaim, and that the mortgage was recorded. However, Bradford denies the remaining allegations contained in paragraph 11 of the Counterclaim.

12. Paragraph 12 of the Counterclaim is a legal conclusion, and therefore requires no response. The First Amendment to the Purchase and Sale Agreement is the best evidence of what is contained within it. Bradford denies the remaining allegations contained in this paragraph.

13. Paragraph 13 of the Counterclaim contains a legal conclusion, and therefore requires no response. Bradford further alleges that the First Amendment to the Purchase and Sale Agreement is the best evidence of what is contained within it.

14. Paragraph 14 of the Counterclaim is a legal conclusion, and therefore requires no response. Bradford denies the same. Bradford further alleges that the First Amendment to the Purchase and Sale Agreement is the best evidence of what is contained within it.

15. Paragraph 15 of the Counterclaim is a legal conclusion, and therefore requires no response. Bradford denies the same. Bradford further alleges that the Purchase and Sale Agreement and amendments thereto, including both the first and second amendments, are the best evidence of what is contained within them.

16. With regard to paragraph 16 of the Counterclaim, Bradford lacks the personal knowledge, information, or belief, to either admit or deny the allegations contained in paragraph 16 of the Counterclaim, and therefore denies the same.

17.     Paragraph 17 of the Counterclaim contains legal conclusions which require no response.  Bradford denies the same.  Bradford further alleges the Purchase and Sale Agreement, and amendments thereto, are the best evidence as to what is contained within them.  Bradford admits after November 4, 2008, Sunrise sent a letter stating intent to terminate the Purchase and Sale Agreement.

18.     With regard to the allegations contained in paragraph 18 of the Counterclaim, Bradford admits that Sunrise delivered some documents to Bradford, but Sunrise failed to deliver all documents required to be delivered to Bradford, and therefore Bradford denies that all documents were delivered.

19.     With regard to the allegations contained in paragraph 19 of the Counterclaim, Bradford admits that a portion of the deposit was paid to Bradford as Bradford's hard cost.  Later, months after the alleged notice of termination, the remaining funds in escrow were finally paid to Bradford.

20.     With regard to the allegations contained in paragraph 20 of the Counterclaim, Bradford denies that Sunrise paid all real property taxes as required by the Agreements between the parties.

21.     Bradford denies the allegations contained in paragraph 21 of the Counterclaim.

22.     Bradford lacks personal knowledge, information, and/or belief in order to admit or deny the allegations contained in paragraph 22 of the Counterclaim.

23.     Paragraph 23 of the Counterclaim is a legal conclusion and, and therefore does not require a response.  However, Bradford denies the same.

24. Paragraph 24 is an incorporation paragraph and does not require a response. To the extent it is treated as an affirmative allegation, Bradford denies the same.

25. Paragraph 25 is a legal conclusion, and therefore does not require a response. Bradford denies the same. Bradford alleges the Purchase and Sale Agreement is the best evidence of what is contained within it.

26. Paragraph 26 is a legal conclusion, and therefore, does not require a response. Bradford denies the same. The mortgage agreement is the best evidence of what is contained within it.

27. Bradford admits the allegations contained in paragraph 27 of the Counterclaim.

28. Bradford admits the allegations contained in paragraph 28 of the Counterclaim.

29. Paragraph 29 of the Counterclaim is a legal conclusion, and therefore does not require a response. Bradford denies the same.

30. Paragraph 30 of the Counterclaim is a legal conclusion, and therefore, does not require a response. Bradford denies the same. The Purchase and Sale Agreement, First Amendment and mortgage are the best evidence of what is contained within them. Bradford denies that any money is due Sunrise. Bradford's damages exceed any money due and owing to Sunrise, and therefore, Bradford is entitled to an offset to any claim of Sunrise.

31. Paragraph 31 is a legal conclusion not requiring a response. Bradford denies the same. The Purchase and Sale Agreement, First Amendment and mortgage

agreements are the best evidence of what is contained within them.  Bradford further alleges that Sunrise failed to disclose the existence of a Second Amendment to the Purchase and Sale Agreement.

32.     Bradford denies the allegations contained in paragraph 32 of the Counterclaim.

33.     Paragraph 33 is a legal conclusion, and therefore does not require a response.  However, Bradford denies the same.

## **AFFIRMATIVE DEFENSES**

1.      Sunrise fails to state sufficient facts to constitute a cause of action against Bradford.

2.      Sunrise acted fraudulently in order to induce Bradford to execute the Purchase and Sale Agreements and amendments thereto.

3.      If Sunrise has suffered damage, said damage has been cause by Sunrise's own action or inaction, or parties under the control of Sunrise.

4.      If Sunrise has suffered damage or harm, such harm or damage has been caused by third parties over whom Bradford had no control.

5.      Sunrise through its action or inaction has caused damages to Bradford which offset and/or exceeds any damage to Sunrise.

6.      Sunrise through unclean hands, laches, or estoppel is barred from recovery damages against Bradford.

7. The actions of Sunrise caused Bradford damages and Bradford is entitled to offset its damages against any damages Sunrise claims.

WHEREFORE, Bradford prays for

1. a judgment against Sunrise and in favor of Bradford,

2. for its damages as articulated in its complaint,

3. for costs and attorney's fees according to contract and statute, and

4. for such other a further relief as the court may deed just and proper.

        Respectfully submitted,
        Plaintiff, Bradford Glen, Inc.
        By its attorney,

        /s/ Denise A. Brogna
        Denise A. Brogna, Esquire
        BBO #662920
        JOHNSON & BORENSTEIN, LLC
        12 Chestnut Street
        Andover, MA 01810
        (978)475-4488

Dated:   November 3, 2010

CERTIFICATE OF SERVICE

I, Denise A. Brogna, hereby certify that I have this 3rd day of November, 2010, served the foregoing Plaintiff's Answer to Counterclaim, via this Court's ECF system, upon all other parties in this matter as follows:

Corey M. Dennis, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 022110
cdennis@morrisonmahoney.com

Joseph M. Desmond, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 022110
jdesmond@morrisonmahoney.com

Charlie Lee, Esq.
Moore & Lee LLP
1650 Tyson Boulevard, Suite 1150
McLean, VA 22102
c.lee@mooreandlee.com

Kristin A. Bennett, Esq.
Moore & Lee LLP
1650 Tyson Boulevard, Suite 1150
McLean, VA 22102
k.bennett@mooreandlee.com

Leonardo N. Ortiz, Esq.
Moore & Lee LLP
1650 Tyson Boulevard, Suite 1150
McLean, VA 22102
l.ortiz@mooreandlee.com

/s/ Denise A. Brogna
Denise A. Brogna